UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

D-11,  JOHN RENNY RIEDE,

          Defendant.
_____/

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

## PRELIMINARY ORDER OF FORFEITURE

The United States filed an Unopposed Application for Entry of Preliminary Order of Forfeiture ("Application") seeking a forfeiture order pursuant to 18 U.S.C. § 1963(a)(1)-(3), for (a) any and all interest JOHN RENNY RIEDE ("Defendant") has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, including the following:

(Note: "DD" referenced in the chart below means "Devils Diciples".)

| 1B | ITEM | DATE SEIZED/ FIRE DATE | SEIZED FROM | SEIZURE LOCATION |
|---|---|---|---|---|
| 582 | One blue DD coffee mug | 11/15/2007 | John Riede | 114 North Van Buren, Bay City, MI |
| 587 | DD plaque, "Bear" | 11/15/2007 | John Riede | 114 North Van Buren, Bay City, MI |
| 589 | Photograph of suspected DD, one framed DD photo | 11/15/2007 | John Riede | 114 North Van Buren, Bay City, MI |
| 590 | One DD clock | 11/15/2007 | John Riede | 114 North Van Buren, Bay City, MI |
| 591 | Wooded DD clock | 11/15/2007 | John Riede | 114 North Van Buren, Bay City, MI |
| 788 | 1 Digital Scale, US-500XR, silver in color, blue stripes on the side | 12/11/2007 | John Riede | 114 North Van Buren, Bay City, MI |
| 789 | One cell phone, unbranded, silver in color, blue stripes on side, Nokia model 3595, serial number 510626JM24TZ; and Motorola tracphone, silver in color, model TFC139B, serial number F32GHG6TV8 | 12/11/2007 | John Riede | 114 North Van Buren, Bay City, MI |
| 997 | One Motorola tracfone cellular telephone, black/silver, MSN F62GHE5BKQ, IMEI 354513010730004 | 4/1/2009 | John Riede | 114 North Van Buren, Bay City, MI |
| 1000 | Silver lighter with "DDMC" | 4/1/2009 | John Riede | 114 North Van Buren, Bay City, MI |
| 783 | Currency: $6,470.00 in USC | 12/11/2007 | John Riede | 114 North Van Buren, Bay City, MI |

| 1036 | Harley Davidson, Blue, VIN: 1HD1BKL16JY015666, Lic. Plate: T187A | 3/9/2010 | John Riede & Shane Dinger | 9309 Webb Road, Goodells, MI |

### **WEBSITES**

- www.devilsdiciples.org
- www.devilsdiciplesmc.us
- http://devilsdiciples.tripod.com
- www.facebook.com/pages/Devils-Diciples/138240809533008
- https://www.facebook.com/pages/Devils-Diciples-Port-Huron/180687321995079

### **OTHER**

- The trade mark / word mark / service mark, an example of which is attached hereto as Exhibit A (Registration Number 4574783), issued to Devils Diciples MC. The mark consists of an upper arc framing the words "DEVILS DICIPLES", a design with two crossed pitch forks over a spoked wheel, and the letters "MC", purportedly for use in commerce to indicate membership in an organization of motorcycle riders;

- the word mark "Devils Diciples MC";

- Devils Diciples Motorcycle Club "Colors" including but not limited to center wheel, vests, pins and patches.

(hereinafter referred to as the "Subject Property").

The government represented in its Application that it does not intend to seek forfeiture of, and will not seek to forfeit, the real property located at 114 North Van Buren, Bay City, MI based upon the criminal activity and facts set forth in the Third Superseding Indictment filed in this criminal case.

Based upon the information contained in the Application, the contents of the Rule 11 Plea Agreement entered into by Defendant, Defendant's guilty plea to violating 18 U.S.C. § 1962(d) as alleged in Count One of the Third Superseding Indictment, Defendant's agreement to forfeit the Subject Property, and other information in the record,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to 18 U.S.C. 1963(a)(1)-(3) and Fed.R.Crim.P. 32.2, Defendant shall forfeit to the United States (a) any and all interest Defendant has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, including, but not limited to, the Subject Property.

2. The Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns, have or may

      have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the information and agreements contained in Defendant's Rule 11 plea agreement, and other information in the record, that there is a sufficient nexus between the Subject Property and the violation of Count One alleged in the Third Superseding Indictment in that the Subject Property constitutes an interest acquired or maintained in violation of 18 U.S.C. § 1962(d), and/or constitutes an interest in, security of, claim against, or property or contractual right affording a source of influence over the Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962(d), and/or is property constituting, or derived from, proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962(d).

4. Based upon its representation in its Application, the government shall not seek to forfeit the real property located at 114 North Van Buren, Bay City, MI based upon the criminal activity and facts set forth in the Third Superseding Indictment filed in this criminal case.

5. This Order shall become final as to Defendant at the time it is entered and the forfeiture shall be made part of Defendant's sentence and included in Defendant's Judgment.

6. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

7. Pursuant to 18 U.S.C. § 1963(l), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on www.forfeiture.gov for at least thirty (30) consecutive days.  Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 18 U.S.C. § 1963(l)(2), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Pursuant to 18 U.S.C. § 1963(l)(3), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent

of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.  Pursuant to 18 U.S.C. § 1963(l)(1), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

8. The United States is hereby authorized, pursuant to 18 U.S.C. § 1963(k) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

9. Pursuant to 18 U.S.C. § 1963(l)(7), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 18 U.S.C. § 1963(l)(2) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

10. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: April 4, 2016

S/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge